E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JEREMIAH LEVINE (Cal. Bar No. 288377)
Assistant United States Attorneys
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2400
    Facsimile: (213) 894-0141
    E-mail:   Jeremiah.Levine@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>VINCENT GUTIERREZ,<br><br>      Defendant. | No. CR 2:23-00430-FWS<br><br>PLEA AGREEMENT FOR DEFENDANT<br>VINCENT GUTIERREZ |

    1.   This constitutes the plea agreement between Vincent Gutierrez ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>RULE 11(c)(1)(C) AGREEMENT</u>

    2.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the  Court determines that it will not accept this agreement, absent a breach of this

1

agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 20 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement. Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraph 22 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

DEFENDANT'S OBLIGATIONS

3. Defendant agrees to:

a)   Participate in the Conviction And Sentence Alternative ("CASA") program, pursuant to the terms set forth in the CASA Program Contract attached as Exhibit A.

b)   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), which is a lesser included offense of that charged in the indictment in United States v. Vincent Gutierrez, 2:23-cr-00430-FWS, which charges defendant with Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii).

c)   Not contest facts agreed to in this agreement.

d)    Abide by all agreements regarding sentencing contained in this agreement.

e)    If defendant successfully completes the CASA program, affirmatively recommend to the Court that it impose sentence in accordance with paragraph 14 of this agreement.

f)    Appear for all court appearances, including all CASA program appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

g)    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

h)    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

i)    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

<u>THE USAO'S OBLIGATIONS</u>

4.    The USAO agrees to:

a)    Consent to defendant's participation in the CASA program, pursuant to the terms set forth in the CASA Program Contract attached as Exhibit A.

b)    Not contest facts agreed to in this agreement.

c)    Abide by all agreements regarding sentencing contained in this agreement.

d)    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to

and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e)   If defendant successfully completes the CASA program, affirmatively recommend to the Court that it impose sentence in accordance with paragraph 14 of this agreement.

<u>NATURE OF THE OFFENSE</u>

5.   Defendant understands that for defendant to be guilty of violating Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), the following must be true: (1) defendant knowingly distributed methamphetamine; and (2) defendant knew that it was methamphetamine or some other federally controlled substance. "Distributing" means delivering or transferring possession of methamphetamine to another person, with or without any financial interest in that transaction.

<u>PENALTIES</u>

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions

4

of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and

immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

10.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about November 16, 2022, defendant sold approximately 8.74 grams of pure methamphetamine to a person who he believed was a drug customer but who was, in fact, a confidential informant working for the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Defendant sold the methamphetamine to the confidential informant for $100.

<u>SENTENCING FACTORS AND AGREED-UPON SENTENCE</u>

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only.

13.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:         24      U.S.S.G. §§ 2D1.1(a)(5)

14.  If defendant successfully completes the CASA program, defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the Court impose a sentence of: two years' probation subject to conditions to be fixed by the Court which shall include the conditions set forth in Attachment A; and a $100 special assessment.

15.  If defendant does not successfully complete the CASA program, defendant and the USAO agree that, except as set forth in paragraphs 4(d) and 13 above, defendant and the USAO have no agreement as to the applicable Sentencing Guidelines factors, any

departures or variances from the applicable Sentencing Guidelines range, or the appropriate sentence, and both defendant and the USAO will have the right to argue for any sentence within the applicable statutory maximum.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

16.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a)    The right to persist in a plea of not guilty.

b)    The right to a speedy and public trial by jury.

c)    The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d)    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e)    The right to confront and cross-examine witnesses against defendant.

f)    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g)    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h)    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

17.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

18.  Defendant agrees that, if defendant successfully completes the CASA program and the Court imposes a sentence of probation as specified in paragraph 14 above, defendant gives up the right to appeal any portion of that sentence.  If defendant does not successfully complete the CASA Program, defendant agrees that, provided the Court imposes either probation or a total term of imprisonment on all counts of conviction of no more than the statutory maximum, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions

set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19.   The USAO agrees that, if defendant successfully completes the CASA program and the Court imposes a sentence of probation as specified in paragraph 14 above, the USAO gives up its right to appeal any portion of that sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

20.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

21.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

22.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not

be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

## COURT AND THE UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

23.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing.  Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

24.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in

paragraphs 14 and 15 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

<u>NO ADDITIONAL AGREEMENTS</u>

25.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

1        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        26.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA
7
    E. MARTIN ESTRADA
8   United States Attorney

9
    /s/ Jeremiah Levine                    7/12/24
10  JEREMIAH LEVINE                        Date
    Assistant United States Attorney
11

12  VINCENT GUTIERREZ                      07/15/24
    Defendant                             Date
13

14                                         07/15/2024
    MICHAEL CHERNIS                        Date
    Attorney for Defendant
15  Vincent Gutierrez

16

17

18

19

20

21

22

23

24

25

26

27

28

13

1       CERTIFICATION OF DEFENDANT

2   I have read this agreement in its entirety.  I have had enough

3 time to review and consider this agreement, and I have carefully and

4 thoroughly discussed every part of it with my attorney.  I

5 understand the terms of this agreement, and I voluntarily agree to

6 those terms.  I have discussed the evidence with my attorney, and my

7 attorney has advised me of my rights, of possible pretrial motions

8 that might be filed, of possible defenses that might be asserted

9 either prior to or at trial, of the sentencing factors set forth in

10 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,

11 and of the consequences of entering into this agreement.  No

12 promises, inducements, or representations of any kind have been made

13 to me other than those contained in this agreement.  No one has

14 threatened or forced me in any way to enter into this agreement.  I

15 am satisfied with the representation of my attorney in this matter,

16 and I am pleading guilty because I am guilty of the charge and wish

17 to take advantage of the promises set forth in this agreement, and

18 not for any other reason.

19

20              07/15/24

21 VINCENT GUTIERREZ        Date
  Defendant

22

23

24

25

26

27

28

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am Vincent Gutierrez's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     07/15/2024
MICHAEL CHERNIS                     _____
Attorney for Defendant              Date
Vincent Gutierrez

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

CONTRACT FOR PARTICIPATION
CONVICTION AND SENTENCE ALTERNATIVES (CASA) PROGRAM
POST-GUILTY PLEA DIVERSION

Name:            United States v. Vincent Gutierrez

Docket#:         CR 23-430

Offense(s):      21 USC § 841 (distribution of methamphetamine)

**INTRODUCTION**

You have been invited to participate in the Conviction and Sentence Alternatives (CASA) program of the Central District of California as part of post-guilty plea diversion.   Participation is entirely voluntary but will require you to enter guilty plea(s) to one or more of the criminal charges currently pending against you in the case referenced above.   The Court will need to make a final determination whether to accept your guilty plea(s) and plea agreement before you can begin participation in the CASA program. If the Court agrees to accept your guilty plea(s) and plea agreement, in doing so approving your participation, and you thereafter successfully complete the CASA program, then, as specified in the plea agreement pursuant to which you enter your guilty pleas, you will receive a sentence that does not include a term of imprisonment.

**CASA PROGRAM BASICS**

The CASA Program will last at least one year, with the possibility that it may be extended up to no more than two years.   Participants in the program will have their cases referred to the CASA Program Judicial Officer before whom they will enter guilty pleas pursuant to plea agreements with the United States Attorney's Office for the Central District of California (USAO).   If the CASA Program Judicial Officer accepts a Participant's guilty pleas and plea agreement, it will constitute final approval for participation in the CASA program, which will include a period of supervision by a CASA Program Pretrial Services Officer (CPPSO).   Participants agree to participate in a drug and alcohol evaluation and in any and all treatment and testing recommended.   In addition to the requirements of actively engaging in any treatment and testing that may be recommended for substance abuse issues, Participants are also required to participate in programs designed to address underlying causes of criminal activity and to comply with all conditions of post-guilty plea diversion that may be required by the plea agreements pursuant to which they entered their guilty pleas and by the CPPSO.

You will be assigned an attorney from the Federal Public Defender's Office (DFPD) who is assigned to the CASA program.   An Assistant United States Attorney (AUSA) will also be assigned to the CASA program.   Both the DFPD and AUSA will work with the CPPSO to provide additional support and encouragement for your success in the CASA program.

**CASA PROGRAM APPEARANCES**

At least once per month, at a time to be determined, you will be required to appear before the CASA Program Judicial Officer to evaluate your progress.   Every effort will be made to ensure the time of the appearance does not conflict with your employment or treatment or other programming.   The CPPSO, DFPD, and AUSA will be present, as will treatment and/or other program providers.   Progress reports from the CPPSO will be provided to the Judicial Officer, the DFPD, and the AUSA.   These reports will describe both successes and problems you have experienced.   During the appearances to evaluate your progress, there will be no court reporter present, and court proceedings will not be transcribed.   By signing this contract, you waive your right to have a court reporter transcribe the court proceedings at these appearances.   A court reporter will be present to transcribe any contested violation hearing or any contested hearing to determine whether to terminate you from the CASA program.

**CASA PROGRAM TREATMENT AND COUNSELING PROGRAMS**

An important part of the CASA program will be your participation in substance abuse treatment and counseling programs and/or other programs addressing underlying causes of criminal activity as determined necessary by the CPPSO and the other members of the CASA Program Team.   Treatment and other program providers will be expected to share information regarding your participation and progress in any treatment and counseling programs with all of the members of the CASA Program Team, including the CASA Program Judicial Officer, CPPSO, DFPD, AUSA, and any research partner evaluating the CASA program.   Treatment and other program providers will also be present at CASA program appearances, at which they will be expected to discuss your participation and progress with all of the members of the CASA Program Team.   To enable treatment and other program providers to freely share information regarding your participation and progress in substance abuse treatment and counseling programs and other programs, you will be required to execute a waiver of confidentiality in the form attached as Exhibit A.   You are also required to agree to the modification of the terms of your supervised release so as to permit residential, in-patient or other drug treatment and/or a mental health evaluation and treatment, as directed by a Pretrial/Probation Office and the CASA team.

**LIMITED USE OF STATEMENTS MADE DURING PROGRAM APPEARANCES**

Another important part of the CASA program is your complete candor during your CASA program appearances.   To encourage your candor, the USAO has agreed as follows:

(A)     Except as otherwise provided in subparagraph (B) below, in any criminal prosecution that may be brought against you by the USAO, the USAO will not offer in evidence in its case-in-chief any statements you make or any documents or other information you provide during your CASA program appearances (collectively "CASA program statements").

(B)     Notwithstanding the USAO's agreement set forth in subparagraph (A) above, the USAO may use (i) information derived directly or indirectly from CASA program statements for the purpose of

obtaining and pursuing leads to other evidence, which evidence may be used for any purpose, including any criminal prosecution of you; and (ii) CASA program statements and all evidence obtained directly or indirectly from CASA program statements for the purpose of cross-examination should you testify, or to refute or counter at any stage of any proceeding (including during the USAO's case-in-chief in any criminal prosecution) any evidence, argument, statement or representation offered by or on your behalf in connection with that proceeding.

The USAO's agreement in subparagraph (A) above is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.   Moreover, the USAO's agreement in subparagraph (A) above is limited to CASA program statements and does not apply to any statements made or documents or other information provided by you at any other time, whether oral, written, or recorded.

**CASA PROGRAM SUPERVISION VIOLATIONS AND SANCTIONS**

CASA program supervision violations and sanctions will ordinarily be handled on the regularly scheduled CASA program calendar.   The CASA Program Judicial Officer, however, can schedule an appearance at any time.   Sanctions and modifications regarding treatment and other programs may also be handled on an expedited basis with the consent of the parties and the CASA Program Judicial Officer.

If a progress report contains an allegation of noncompliance, you may choose to agree that the allegation is true and waive the traditional protections and procedures afforded to those on pre-trial supervision when they are accused of violating supervision.   If you do so, there will be no hearing on whether the allegation is true and the CASA Program Judicial Officer will decide whether a CASA program sanction is appropriate.   As noted above, noncompliance may be handled on an expedited basis outside the presence of the CASA Program Judicial Officer if all parties agree.

Noncompliant behavior by you, the Participant, will result in sanctions.   The range of possible sanctions has been drafted broadly to assure that some level of sanction is available for every type of violation.   Factors that will influence the type of sanction employed include the seriousness of the violation, the number of violations, and the amount of time you have remained compliant, either before a first violation, or between violations.   In addition, an important factor will be whether you voluntarily disclose the violation.   Dishonesty on your part will result in enhanced sanctions.   Depending on these factors, any of the sanctions listed below -- including termination from the CASA program -- is available.   As a general rule, where there are repeat violations, more serious sanctions will be applied.   Sanctions may include, but are not limited to:

- Judicial reprimand delivered during CASA program proceedings in front of other CASA program Participants
- Order to attend and observe pre-determined CASA program proceedings

- Order to submit written assignment (for example, write out an explanation for your non-compliant behavior and describe a plan to correct it or write out a list of the special conditions of your post-guilty plea diversion and explain how you violated those conditions and how you plan to avoid similar violations in the future)
- Curfew restriction for up to 30 days
- Increase in frequency of progress hearings before the CASA Program Judicial Officer
- Order to participate in community service as part of the CASA program
- Order to complete a term of home confinement (with conditions that may include alcohol monitors and standard location monitoring with GPS)
- Order to complete a term of up to 30 days at a residential reentry center
- Order to complete a term at a residential substance abuse treatment facility
- Order to spend up to 7 days in jail
- Termination from CASA program

If appropriate, sanctions may be ordered more than once during the course of the CASA program.

If you admit to the violation, you may be able to complete the sanction and remain in the CASA program.   When expedited action is appropriate and the parties agree, a sanction or adjustment in treatment can be imposed through a modification without an appearance before the CASA Program Judicial Officer.   The CPPSO's report at the next CASA program appearance will inform the CASA Program Judicial Officer whether you properly completed the sanction ordered at the last appearance.   Failure to complete ordered sanctions may result in added sanctions, or termination from the CASA program.

If you wish to contest the violation allegation, you may do so.   The only permissible contested hearing in the CASA program, however, is a claim of actual innocence of the alleged violation. If you wish to have a contested hearing, the DFPD will assist you in contesting the violation allegation.   The CASA Program Judicial Officer will ultimately decide whether the allegation is true.

It is important to note that the CPPSO need not wait until your scheduled program appearance to address problems in supervision.   If you fail to abide by directions of the CPPSO, or if the CPPSO believes that you have committed other violations of your supervision, the CPPSO will have discretion to contact you directly to address the violation; to arrive at a proposed method of addressing the violation through discussions with the CASA Program Judicial Officer, DFPD, and/or AUSA; or to request the issuance by the CASA Program Judicial Officer of a warrant for your arrest.

**TERMINATION FROM THE CASA PROGRAM**

You may be involuntarily terminated from the CASA program if you fail to participate in treatment or other programs or if you violate the terms of the CASA program or your post-guilty plea diversion -- including failure to make CASA program court appearances, failure to

4

participate actively in the CASA program, repeated drug use, or a new law violation.   Final decisions regarding involuntary termination will be made by the CASA Program Judicial Officer.   If you are involuntarily terminated from the CASA program, you will return to regular pretrial supervision and your case will be set for sentencing before the CASA Program Judicial Officer in imposing sentence, the CASA Program Judicial Officer will not be bound to provide the benefits that your plea agreement would have required had you successfully completed the CASA program.

You may also at any time voluntarily discontinue your participation in the program and have your criminal case set for sentencing before the CASA Program Judicial Officer again, however, in such an instance, the CASA Program Judicial Officer will not be bound to provide the benefits that your plea agreement would have required had you successfully completed the CASA program.

Whether your termination from the CASA program is voluntary or involuntary, the CASA Program Judicial Officer will be aware of, and can consider in imposing sentence, all conduct that has taken place during your participation in the CASA program, including successes, failures, and sanctions that occurred during your participation in the CASA program.

**GRADUATION AND BENEFITS**

Upon successful completion of the CASA program, as determined by the CASA Program Judicial Officer and the other members of the CASA Program Team subject to the minimum requirement that, if you are determined to have a substance abuse issue, you have demonstrated at least six months of continuous sobriety, you will receive the benefits specified in your plea agreement, which will include imposition of a sentence that does not include a term of imprisonment.

///

///

///

///

///

///

///

///

///

5

///

## AGREEMENT TO PARTICIPATE

**Participant**:

I, Vincent Gutierrez, have read, or someone has read to me in the language I best understand, this Contract and the plea agreement that would be a condition of my participation in the CASA program. I have discussed this Contract and the plea agreement with my attorney, and I understand its terms. I have also discussed with my attorney the CASA program and I understand that program. I voluntarily agree to participate in the CASA program subject to the terms set forth in this Contract and the plea agreement. I understand I can revoke my voluntary participation in the CASA program at any time and that, if I do so, my criminal case will be set for sentencing before the CASA program judicial officer without any obligation to provide me the benefits set forth in the plea agreement for successful completion of the CASA program.

_____          06/5/24
Signature                                                       Date

**CASA Program Deputy Federal Public Defender**:

I, _Michael Chernis, Esq._____, the Deputy Federal Public Defender representing the Participant in connection with the CASA program, have discussed the CASA program, the plea agreement that would be a condition of participation in the CASA program, and this Contract with the Participant and the Participant's attorney in the underlying criminal matter. I believe that the Participant understands the CASA program, the terms of the plea agreement that would be a condition of participation in the CASA program, and the terms of this Contract, and that the Participant's agreement to participate in the CASA program subject to the terms of this Contract and the plea agreement that would be a condition of participation in the CASA program is knowingly and voluntarily made.

_____          06/05/2024
Signature                                                       Date

**CASA Program Assistant United States Attorney**:

I,_____, the Assistant United States Attorney representing the United States Attorney's Office for the Central District of California (the "USAO") in the CASA program, agree to the terms of this Contract on behalf of the USAO and accept the above named Participant into the CASA program subject to the terms of this Contract and the plea agreement that would be a condition of the Participant's participation in the CASA program.

6

**CASA Program Pretrial Services Officer**:

I, _____, the Pretrial Services Officer assigned to the CASA program, accept the above-named Participant into the CASA program subject to the terms of this Contract and the plea agreement that would be a condition of the Participant's participation in the CASA program.


_____          _____
Signature                                                                                Date


**CASA Program Judicial Officer**:

Subject to the Court's acceptance of the Participant's guilty plea(s) and plea agreement, the Court hereby accepts the above-named Participant into the CASA Program subject to the terms of this Contract and the plea agreement that would be a condition of the Participant's participation in the CASA program.


_____          _____
Signature                                                                                Date

7